STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>FREE REPUBLIC, LLC, a California limited liability company; JAMES C. ROBINSON, an individual; and JOHN ROBINSON, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01194<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Free Republic, LLC ("Free Republic"), James C. Robinson ("James Robinson"), and John Robinson (collectively with Free Republic and James Robinson known herein as the "Defendants"), on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Free Republic is, and has been at all times relevant to this lawsuit, a California limited liability company.

5. Free Republic is, and has been at all times relevant to this lawsuit, identified by the current registrar, GKG.NET, INC. ("GKG"), as a registrant, administrative contact, technical contact, and billing contact for the Internet domain found at <freerepublic.com> (the "Domain").

6. James Robinson is, and has been at all times relevant to this lawsuit, identified by GKG as a registrant of the Domain.

7. John Robinson is, and has been at all times relevant to this lawsuit, identified by GKG as an administrative contact, technical contact, and billing contact for the Domain.

8. John Robinson is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website"), as evidenced by a copyright notice displayed on the Website: "FreeRepublic.com is powered by software copyright 2000-2008 John Robinson."

## JURISDICTION

9. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

10. Righthaven is the owner of the copyright in the literary work entitled: "Nevada homeowners could get help from federal funding" (the "Work"), attached hereto as Exhibit 1.

11. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

12. The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

13. On or about June 24, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

14. The subject matter, at least in part, of the Work and the Infringement, is the dispersal of federal funds to Nevada homeowners.

15. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

16. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

17. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "SENATE POLL: Lowden leads Republican pack" (the "Senate Poll Article"), attached hereto as Exhibit 3, from a source emanating from Nevada.

18. On or about April 11, 2010, the Defendants displayed, and continue to display, the Senate Poll Article on the Website.

19. The Defendants' display of the Senate Poll Article was and is purposefully directed at Nevada residents.

20. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "Don't upset the unions – or else" (the "Unions Article"), attached hereto as Exhibit 4, from a source emanating from Nevada.

21. On or about April 10, 2010, the Defendants displayed, and continue to display, the Unions Article on the Website.

22. The Defendants' display of the Unions Article was and is purposefully directed at Nevada residents.

23. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Case divides ranchers, miners" (the "Ranchers Article"), attached hereto as Exhibit 5, from a source emanating from Nevada.

24. On or about June 19, 2010, the Defendants displayed, and continue to display, the Ranchers Article on the Website.

25. The Defendants' display of the Ranchers Article was and is purposefully directed at Nevada residents.

26. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Angle not softening her views" (the "Softening Views Article"), attached hereto as Exhibit 6, from a source emanating from Nevada.

27. On or about June 13, 2010, the Defendants displayed, and continue to display, the Softening Views Article on the Website.

28. The Defendants' display of the Softening Views Article was and is purposefully directed at Nevada residents.

29. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "Wynn's remarks rattle Las Vegas gaming" (the "Wynn's Remarks Article"), attached hereto as Exhibit 7, from a source emanating from Nevada.

30. On or about April 23, 2010, the Defendants displayed, and continue to display, the Wynn's Remarks Article on the Website.

31. The Defendants' display of the Wynn's Remarks Article was and is purposefully directed at Nevada residents.

32. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "GOP Senate hopeful Christensen curries favor in Mormon church" (the "Christensen Article"), attached hereto as Exhibit 8, from a source emanating from Nevada.

33. On or about June 5, 2010, the Defendants displayed, and continue to display, the Christensen Article on the Website.

34. The Defendants' display of the Christensen Article was and is purposefully directed at Nevada residents.

35. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "Slain store clerk, 77, mourned" (the "Slain Clerk Article"), attached hereto as Exhibit 9, from a source emanating from Nevada.

36. On or about May 19, 2010, the Defendants displayed, and continue to display, the Slain Clerk Article on the Website.

37. The Defendants' display of the Slain Clerk Article was and is purposefully directed at Nevada residents.

38. The Defendants willfully copied, on an unauthorized basis, the literary work entitled: "America faces a big, fat Greek-style bankruptcy" (the "Bankruptcy Article"), attached hereto as Exhibit 10, from a source emanating from Nevada.

39. On or about May 23, 2010, the Defendants displayed, and continue to display, the Bankruptcy Article on the Website.

40. The Defendants' display of the Bankruptcy Article was and is purposefully directed at Nevada residents.

41. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "Angle speaks about doing battle" (the "Angle Article"), attached hereto as Exhibit 11, from a source emanating from Nevada.

42. On or about June 18, 2010, the Defendants displayed, and continue to display, the Angle Article on the Website.

43. The Defendants' display of the Angle Article was and is purposefully directed at Nevada residents.

44. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "Obama's agenda: Overwhelm the system" (the "Agenda Article"), attached hereto as Exhibit 12, from a source emanating from Nevada.

45. On or about June 6, 2010, the Defendants displayed, and continue to display, the Agenda Article on the Website.

46. The Defendants' display of the Agenda Article was and is purposefully directed at Nevada residents.

47. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled: "Task force in place to combat election fraud" (the "Task Force Article"), attached hereto as Exhibit 13, from a source emanating from Nevada.

48. On or about May 5, 2010, the Defendants displayed, and continue to display, the Task Force Article on the Website.

49. The Defendants' display of the Task Force Article was and is purposefully directed at Nevada residents.

50. The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Website, content emanating from Nevada-based daily publications, and such contacts have been in existence at least in excess of three years.

51. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information of specific interest to Nevada residents about Nevada-related political issues, and such contacts have been in existence at least in excess of three years.

52. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information of specific interest to Nevada residents about Nevada-based politicians, and such contacts have been in existence at least in excess of three years.

53. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information of specific interest to Nevada residents about the Las Vegas, Nevada economy, and such contacts have been in existence at least in excess of one year.

54. The repeated infringing activities alleged herein demonstrate that the Defendants are serial, egregious, willful infringers of copyrighted literary works emanating from Nevada.

**VENUE**

55. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

56. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because Free Republic is subject to personal jurisdiction in Nevada.

**FACTS**

57. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

58. Righthaven is the owner of the copyright in and to the Work.

59. The Work was originally published on June 23, 2010.

60. On July 14, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007173605 (the "Registration") and attached hereto as Exhibit 14 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

61. On or about June 24, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

62. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

63. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

64. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 63 above.

65. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

66. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

67. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

68. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

69. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

70. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

71. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

72. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

73. Free Republic has willfully engaged in the copyright infringement of the Work.

74. James Robinson has willfully engaged in the copyright infringement of the Work.

75. John Robinson has willfully engaged in the copyright infringement of the Work.

76. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

77. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct GKG and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this nineteenth day of July, 2010.

                        RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff